# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

CHRISTIE M. MEHRING-CRUZ,

        Plaintiff,

vs.

NANCY BERRYHILL, Acting
Commissioner of Social Security,[1]

        Defendant.

No. C16-0184-LTS

**ORDER ON REPORT AND
RECOMMENDATION**

---

## I.  INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed by the Honorable C.J. Williams, Chief United States Magistrate Judge. *See* Doc. No. 16. Judge Williams recommends that I affirm the decision by the Commissioner of Social Security (the Commissioner). Neither party has objected to the R&R. The deadline for such objections has expired.

## II.  APPLICABLE STANDARDS

### A.  *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept

---

[1] Berryhill replaced previous Acting Commissioner Carolyn Colvin. Berryhill has been substituted as the defendant in this case pursuant to 42 U.S.C. § 405(g).

as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817,

822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B.    *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).


## III.    THE R&R

Plaintiff Christie M. Mehring-Cruz applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.* (Act). After a hearing, the Administrative Law Judge (ALJ) applied the familiar five-step evaluation and found that Mehring-Cruz was not disabled as defined by the Act. In her appeal to this court, Mehring-Cruz argued that the ALJ erred in determining that she was not disabled because:

1. The ALJ failed to properly evaluate the work-related limitations from treating rheumatologist Dr. Rebecca Tuetken

2. The ALJ failed to properly evaluate the opinion of Mehring-Cruz's therapist, Kelly Christensen.

3. The ALJ's residual functional capacity assessment (RFC) is not supported by substantial medical evidence from a treating or examining source.

4. The ALJ improperly discounted Mehring-Cruz's subjective allegations without identifying inconsistencies in the record as a whole.

*See* Doc. No. 13. Both parties filed briefs (Doc. Nos. 13 and 14) and the parties also filed a joint statement of facts (Doc. No. 12).

Judge Williams addressed each argument in his R&R. Regarding Mehring-Cruz's argument that the ALJ failed to properly evaluate the work-related limitations assigned by Dr. Tuetken, Mehring-Cruz stated that the ALJ's RFC differed from those limitations

4

in three key respects. Doc. No. 13 at 3-7. First, she argued that the ALJ's RFC disregarded Dr. Tuetken's statement that Mehring-Cruz "needed a job that permitted shifting from sitting, standing, or walking at will." *Id.* at 6. Second, she argued the RFC omitted Dr. Tuetken's finding that "Mehring-Cruz would be off task 20% of a work day due to symptoms severe enough to interfere with attention and concentration." *Id.* at 7. Third, she argued the RFC omitted Dr. Tuetken's finding that Mehring-Cruz could only perform low-stress work. *Id.*

Judge Williams addressed the first and second alleged omissions:

> The ALJ stated that his residual functional capacity assessment integrated the records as a whole. The ALJ further stated that each individual assertion found in Dr. Tuetken's Medical Source Statement (dated October 27, 2015, (AR 830)) was considered individually as to whether that assertion was supported or contradicted by the record. The ALJ found that Dr. Tuetken's assertions that (1) claimant required frequent shifting and (2) claimant would likely be off task 20% of a work day is not supported by objective findings in Dr. Tuetken's medical records or the records as a whole. (AR 813). Dr. Tuetken stated that her opinion regarding claimant's limitations was based mainly on claimant's subjective complaints. *See* AR 835 ("Her limitations are mainly subjective."). *Minney v. Berryhill,* No. 16-CV-00175-LTS, 2017 WL 2110767, at 9 (N.D. Iowa May 15, 2017) (holding that ALJ was entitled to decline to give controlling weight to treating physician's opinions on claimant's work-place limitations in proceeding to obtain supplemental security income (SSI), where opinions relied on claimant's subjective complaints).

Doc. No. 16 at 17. Judge Williams then addressed the third omission:

> The ALJ's residual functional capacity assessment included restrictions of work limited to simple work-related decisions and occasional workplace changes, and only occasional contact with the public, coworkers and supervisors. I find these restrictions are consistent with the low stress work suggested by Dr. Tuetken. (AR 834).

Doc. No. 16 at 17. Judge Williams concluded as follows:

> the ALJ properly acted within his zone of choice in weighing the work related limitations opined by treating rheumatologist Dr. Rebecca Tuetken.

> The ALJ relied on the statements of Dr. Tuetken in his residual functional
> capacity analysis and furthermore he explained how the residual functional
> capacity analysis substantially conforms to Dr. Tuetken's statement. The
> ALJ conducted an adequate analysis in the areas of his residual functional
> capacity assessment that did not conform to that of Dr. Tuetken. (AR 834).
> Therefore, I find the ALJ did not err here.

Doc. No. 16 at 18.

Mehring-Cruz next argued that the ALJ failed to explain the weight given to the opinion of Keri Christensen, or to otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning. Doc. No. 13 at 8-16. Judge Williams rejected this argument, stating:

> I find the ALJ adequately explained the reasoning and weight given to the
> evidence concerning the diagnoses of depression, anxiety, and panic
> attacks. The ALJ found that the degree of severity of claimant's subjective
> symptoms were not supported by objective medical evidence in the records,
> in accordance with 20 C.F.R. § 416.929. (AR 35). *See Julin,* 826 F.3d at
> 1086. Therefore, I find the ALJ properly considered Ms. Christensen's
> opinion and adequately described the review of the sources used as well as
> his reasoning.

Doc. No. 16 at 19.

Mehring-Cruz third argument was that the ALJ improperly rejected the opinions of Dr. Tuetken and Ms. Christensen without fully and fairly developing the record, specifically arguing that the ALJ should have obtained limitations that could have supported his decision from a treating or examining source. Doc. No. 13 at 16-18. Mehring-Cruz argued that, as a result, the RFC is not supported by substantial evidence. *Id.* Judge Williams rejected Mehring-Cruz's characterization of the RFC generally, as well as her characterization of the ALJ's treatment of Dr. Tuetken's opinions, stating:

> Here, claimant misstates the record by suggesting the ALJ based his RFC
> assessment only on non-examining consulting physicians. The ALJ actually
> assigned great weight to the opinion of Dr. Tuetken, claimant's treating

physician. The ALJ did not rely merely on the opinions of non-treating non-examining physicians reviewing reports of treating physicians for his RFC determination. Indeed, the ALJ's RFC assessment largely mirrors the recommendations of Dr. Tuetken, who also recommended that claimant can tolerate low stress work. (AR 834). The ALJ did not discount Dr. Tuetken's evaluation as non-reliable. The ALJ weighed each item in Dr. Tuetken's evaluation against the record, specifically those items where claimant's subjective complaints were the main source of her evaluation. (AR 23). Therefore, I find the ALJ's residual functional capacity assessment is supported by the required substantial medical evidence, and has combined specific medical opinions and reconciliation of those opinions with the medical records. *See Fentress v. Berryhill,* 854 F.3d 1016, 1017 (8th Cir. 2017) (holding that the Court will uphold a decision to deny benefits if that decision is supported by substantial evidence in the record as a whole).

Doc. No. 16 at 20-21.

Finally, Mehring-Cruz argued that the ALJ improperly discounted the intensity of her subjective symptoms. Doc. No. 13 at 18-21. Judge Williams rejected this argument as well, stating:

Contrary to claimant's argument, the ALJ did detail his reasons for discrediting the testimony and set forth the inconsistencies found. (AR 35, 36). The ALJ concluded that the record contained clear evidence that claimant magnified her symptoms for the purpose of receiving benefits. (Id.). "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001) (internal citation omitted). Accordingly, a court must "defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005).

Here, the initial Disability Determination explanation for the DIB claim was reviewed by Dr. Stienjes on December 2, 2014, who concluded that claimant's credibility was eroded by inconsistencies of claimant's reported symptoms compared to the records. (AR 101). Jonathan Brandon, Ph.D. completed the Mental RFC on December 24, 2014, and found her psychiatric symptoms generally credible but felt claimant could perform tasks consisting of 3-4 step commands in a work setting with reduced social

interactions. (AR 104). Dr. Brandon also reviewed the initial Disability Determination explanation for the DIB claim and also opined that claimant's credibility was eroded by inconsistencies of claimant's reported symptoms compared to the records as previously described. (AR 115). The reconsideration for the DI claim was completed by Myrna Tashner, Ed.D. on April 7, 2015, for the mental evaluation and by John May, MD for the medical portion. Dr. May affirmed the prior determination. Myrna Tashner, Ed.D. affirmed the prior determination including that the mental complaints are generally credible. (AR 136).

. . .

Here, the ALJ did not discount claimant's subjective complaints solely because they were not supported by objective medical evidence. Consistent with *Polaski*, the ALJ weighed the record and I find the ALJ adequately detailed inconsistencies found in the record. The ALJ identified instances where claimant's testimony contradicted the record. Specifically, the record of Dr. Brownell of October 28, 2015, contradicts claimant's testimony of panic attacks, and the normal gait examination contradicts her testimony that she stumbles if she stands more than 30 minutes. (AR 36). Furthermore, claimant's self-described activities of daily living are inconsistent with the severity of symptoms to which she testified. (AR 36). The ALJ listed additional factors he weighed in reaching his conclusion as to claimant's credibility: pattern of symptoms, precipitating factors, medications and side effects, treatments and benefit of those treatments, accommodations for symptoms, and functional limitations due to pain. (AR 35).

In my own review of the records, I find that the documented examinations do not describe physical findings that would support disability as defined in 42 U.S.C. § 423(d)(2)(A). *Igo v. Colvin*, 839 F.3d 724, 731 (8th Cir. 2016) (holding ALJ's adverse credibility determination for claimant was supported by substantial evidence including ALJ's finding that claimant's alleged limitations were inconsistent with his daily activities). I find there was substantial evidence on the record as a whole to support the ALJ's decision to discount the weight given to claimant's description of the intensity, persistence, and functionally limiting effects of her impairments.

Doc. No. 16 at 21-23.

## IV.    DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. I find no error in Judge Williams' application of the appropriate legal standards to the evidentiary record.  Accordingly, I agree with Judge Williams that the ALJ's findings are supported by substantial evidence.  As such, I adopt the R&R in its entirety.

## V.    CONCLUSION

For the reasons set forth herein:

1.    I **accept** Judge Williams' R&R (Doc. No. 16) without modification.  *See* 28 U.S.C. § 636(b)(1).

2.    Pursuant to Judge Williams' recommendation:

    a.    The Commissioner's determination that plaintiff was not disabled is **affirmed**.

    b.    Judgment shall enter in favor of the Commissioner and against the plaintiff.

**IT IS SO ORDERED.**

**DATED** this 15th day of August, 2017.

_____
Leonard T. Strand, Chief Judge